**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

FILED

AUG 5 2011

CLERK, US DISTRICT COURT
NEWPORT NEWS, '

ERIC S. MOORE, SR.
and
BRENDA MOORE,

        Plaintiffs,

v.

                                    Civil Action No.: _4 : 11CV 122_

SHAPIRO & BURSON, LLP,

        Defendant.

SERVE:     John Burson, Registered Agent
            13135 Lee Jackson Highway
            Suite 201
            Fairfax, VA  22033

## COMPLAINT

Plaintiffs, Eric S. Moore, Sr. and Brenda Moore ("Plaintiffs"), by counsel, for

their Complaint against the Defendant, Shapiro & Burson, LLP ("Defendant"), state as

follows:

### Introduction

1.      This action seeks damages arising from Defendant's unlawful attempts to

collect a delinquent home mortgage debt allegedly owed by Plaintiffs through

Defendant's attempt to foreclosure on a deed of trust.  This Complaint alleges that

Defendant, a debt collection law firm, knowingly made false statements in connections

with the collection of the debt and that Defendant violated the Plaintiffs' rights in

derogation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

## Jurisdiction

2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and
15 U.S.C. §1692k(d).

## Parties

3.     Plaintiffs are natural persons of full age of majority, *sui juris*, who reside
in Newport News, Virginia.  Plaintiffs are both consumers within the definition set forth
under the FDCPA at 15 U.S.C. §1692a(3).

4.     Defendant is a law firm with offices in Fairfax and Virginia Beach,
Virginia, and regularly engages in the business of debt collection and creditor's rights.

5.     Defendant regularly collects or attempts to collect debts owed or asserted
to be owed or due another, and is a "debt collector" within the meaning of the FDCPA
under 15 U.S.C. §1692a(6).  Defendant furthermore uses one or more instrumentalities of
interstate commerce or the United States mails in its business of enforcing security
interests.

## Facts

6.     Plaintiffs were previously the fee simple owners of that certain parcel of
real property commonly known as 462 Waverly Place, Newport News, Virginia 23608
(hereafter the "Property").  A true and complete copy of the Deed dated August 7, 2006
conveying the Property to the Plaintiffs in fee simple is attached hereto as Exhibit "A."

7.     Plaintiffs purchased the Property through a mortgage evidenced by a
promissory note in the amount of $290,000.00 payable to American Home Mortgage, as
noteholder.  A true and complete copy of the promissory note is attached hereto as
Exhibit "B."

8.      At all times relevant to this action, the mortgage was serviced by BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP.

9.      The debt referenced herein through the mortgage was incurred primarily for personal, family, or household purposes under the FDCPA at 15 U.S.C. §1692a(5).

10.     In early 2010, Plaintiffs became delinquent in their mortgage payments as a result of financial hardship resulting from Plaintiff Eric S. Moore's job.

11.     After Plaintiffs' account went into default, the account was referred to Defendant.

12.     Defendant regularly collects home loan debts.

13.     Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

14.     Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained with be used for that purpose" and/or that the communication is from a debt collector.

15.     Defendant sent to Plaintiffs an August 6, 2010 dunning letter which stated that the Defendant was instructed to initiate foreclosure proceedings on Plaintiffs' home. A true and complete copy of the August 6, 2010 letters, with FDCPA attachments, is attached hereto as Exhibit "C."

16.     At the time of this communication, Plaintiffs were in default on their mortgage.

17.     The August 6, 2010 correspondence stated the following information with regards to the FDCPA:

(a) As of August 6, 2010, our client has advised us that the amount of the debt is $338,855.06.

(b) The creditor to whom the debt is owed is <u>BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P.</u>

(c) The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is. different from the current creditor, our client <u>BAC HOME LOANS SERVICING, LP. FKA COUNTRYWIDE HOME LOANS SERVICING, LP.</u> If you choose to dispute the debt, or any portion thereof, or ii you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. Unless you dispute the validity of the debt within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by this firm.

(d) If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, <u>BAC HOME LOANS SERVICING, LP. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P.,</u> then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

(e) The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before we initiate foreclosure proceedings to foreclosure on your mortgage. In the event we do initiate foreclosure proceedings to foreclose on your mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, our client <u>BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P.</u>

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (757) 687-8777.

18.    The notice required under 15 U.S.C. §1692g of the FDCPA states as

follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

19.     The notice by which the Defendant purports to make the required

disclosures is defective under the FDCPA in various respects.

20.     The August 6, 2010 letter does not state the amount of the debt.

21.     The August 6, 2010 letter does not disclose the name of the creditor to

whom the debt is owed.

22.    Defendant's purported notice to Plaintiffs of their thirty-day validation

rights fails to disclose that oral disputes overcome the debt collector's assumption of the

validity of the debt, required by the FDCPA to be disclosed as follows:

> (a) Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless the
> following information is contained in the initial communication or the consumer
> has paid the debt, send the consumer a written notice containing—
>
> . . .
>
> (3) a statement that unless the consumer, within thirty days after receipt of the
> notice, disputes the validity of the debt, or any portion thereof, the debt will be
> assumed to be valid by the debt collector.

23.    Defendant was required to disclose to Plaintiffs that they were entitled to

dispute the validity of the debt orally to overcome the assumption that the debt is valid.

24.    The August 6, 2010 letter wholly fails to provide the consumer with the

required notice that "if the consumer notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will

obtain verification of the debt or a copy of a judgment against the consumer and a copy

of such verification or judgment will be mailed to the consumer by the debt collector."

15 U.S.C. §1692g (emphasis added).

25.    Contradictions exist between the Defendant's notice language and the

actual disclosure language required by 15 U.S.C. §1692g.

26.    These contradictions could confuse or mislead the least sophisticated

consumer into disregarding or losing his rights under the validation notice.  A notice is

overshadowing and contradictory if it would make the least sophisticated consumer

uncertain as to his/her rights.  Creighton v. Emporia Credit Service, Inc., 981 F.Supp.

411, 416 (E.D. Va. 1997).

27.     In order to trigger the debt collector's duty to provide verification of the debt, the consumer must make his/her dispute in writing as set forth herein above under the FDCPA.

28.     As described herein above, the August 6, 2010 dunning letter fails to set forth the writing requirement as required under the FDCPA.

29.     The August 6, 2010 letter purports to notify Plaintiffs that they would "still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor."

30.     Nowhere in the letter does it state that Plaintiffs would have to dispute the debt <u>in writing</u> in order to trigger their right to obtain verification of the debt or to obtain from Defendant the name and address of the creditor if different from the current creditor.

31.     In similar fashion, the letter purports to notify Plaintiffs that "[i]f you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter."

32.     Nowhere in the letter does it state that Plaintiffs would have to dispute the debt <u>in writing</u> in order to trigger the §1692g(b) requirement that Defendant cease collection of the debt, or any disputed portion thereof, until Defendant obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification of judgment, or name and address of the original creditor, is mailed to Plaintiffs.

33.     This Court has previously held that failure to provide notice of the writing requirement under §1692g(a)(4) and (5) violates the FDCPA. See Withers v. Eveland, 988 F.Supp. 942, 947 (E.D. Va. 1997). As Judge Hudson stated more recently, "[t]he plain meaning of §1692g is that . . . debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." Bicking v. Law Offices of Rubenstein & Crogan, 2011 WL 1740156 *3 (E.D. Va. 2011).

34.     Furthermore, in the August 6, 2010 letter Defendant states that "you are hereby notified that the promissory note or other evidence of indebtedness secured by the deed of trust on the subject property is unavailable at this time."

35.     Upon information and belief, the original note evidencing Plaintiffs' indebtedness was not lost, misplaced, or destroyed. In fact, Defendant sent a letter to Plaintiffs' counsel dated December 2, 2010 stating that "we are in possession of the original Note in our office, copy attached." A true and accurate copy of Defendant's December 2, 2010 letter is attached hereto as Exhibit "D."

36.     Defendant's statement as to the original note set forth in the August 6, 2010 letter was therefore false.

37.     Furthermore, with respect to the "evidence of indebtedness" described in the August 6, 2010 letter, Virginia Code §55-59.1 provides as follows:

> § 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.
>
> ...
>
> B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the

person required to pay the instrument that the instrument is
unavailable and a request for sale will be made of the
trustee upon expiration of 14 days from the date of mailing
of the notice.  The notice shall be sent by certified mail,
return receipt requested, to the last known address of the
person required to pay the instrument as reflected in the
records of the beneficiary and shall include the name and
mailing address of the trustee.

38.     Upon information and belief, the beneficiary of the note had not submitted
to the trustee an affidavit to the effect that the note or other evidence of indebtedness
secured by the deed of trust is lost or for any other reason was unavailable.

39.     Defendant was acting as debt collector at all times relevant herein.

## Count I:  Violation of FDCPA 15 U.S.C. §1692e

40.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

41.     By falsely stating in the August 6, 2010 letter that the note was
"unavailable," Defendant violated 15 U.S.C. §1692e, e(2)(A), e(5), and/or e(10).

42.     Upon information and belief, by falsely stating that the creditor to whom
the debt was owed was BAC Home Loans Servicing, L.P., Defendant violated 15 U.S.C.
§1692e, e(2)(A), e(5) and/or e(10).

43.     As a result of the aforementioned false statements, Plaintiffs are entitled to
recover statutory damages, actual damages, reasonable attorney's fees and costs against
Defendant pursuant to 15 U.S.C. §1692k.

## Count II:  Violation of FDCPA 15 U.S.C. §1692g

44.     Plaintiffs re-allege the preceding paragraphs as if fully set forth herein.

45.     By failing to disclose the actual amount of the debt in the August 6, 2010
dunning letter, Defendant violated 15 U.S.C. §1692g(a)(1).

46.     As a result, Plaintiffs are entitled to recover statutory damages, actual

damages, reasonable attorney's fees and costs against Defendant pursuant to 15 U.S.C.

§1692k.

### Count III:  Violations of FDCPA 15 U.S.C. §1692g

47.     Plaintiffs re-allege the preceding paragraphs as if fully set forth herein.

48.     By failing to disclose in the August 6, 2010 letter the creditor to whom the

debt is owed, Defendant violated 15 U.S.C. §1692g(a)(2).

49.     By failing to disclose in the August 6, 2010 letter the writing requirement

that "if the consumer notifies the debt collector in writing . . ." Defendant violated 15

U.S.C. §1692g(a)(3) and 15 U.S.C. §1692g(b).

50.     By failing to disclose in the August 6, 2010 letter that oral disputes

overcome the debt collector's assumption of validity of the debt, Defendant violated 15

U.S.C. §1692g(a)(3).

51.     By disclosing in the August 6, 2010 letter the Plaintiffs' rights under

§1692g(a)(4), (5), and (b) in such a manner as to make the least sophisticated consumer

uncertain as to his debt validation rights, Defendant violated 15 U.S.C. §1692g.

52.     As a result of each of the aforementioned violations, Plaintiffs are entitled

to recover statutory damages, actual damages, reasonable attorney's fees and costs

against Defendant pursuant to 15 U.S.C. §1692k.

### Count IV:  Violations of FDCPA 15 U.S.C. §1692f

53.     Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

54.     The scheduled foreclosure was a nonjudicial action that sought to

permanently deprive Plaintiffs of their ownership rights in their home.

55.     Upon information and belief, BAC Home Loans Servicing, LP had no authority to appoint Defendant as a substitute trustee as BAC Home Loans Servicing, LP was not the noteholder.

56.     Upon information and belief, the individual that signed a sworn statement on behalf of BAC Home Loans Servicing, LP purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing.

57.     Defendant either knew or should have known that another entity was the owner of the loan at the time they were appointed substitute trustee and at the time they scheduled the foreclosure.

58.     Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the note and deed of trust, the Defendant had no right to conduct the foreclosure sale or to transfer the Property.

59.     Defendant threatened to take nonjudicial action to effect a dispossession or disablement of the Property at a time when they had and there was no present right to possession of the Property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. §1692f(6).

60.     As a result, Plaintiffs are entitled to recover their statutory damages, actual damages, reasonable attorney's fees and costs against Defendant pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, Eric S. Moore, Sr. and Brenda Moore, request that this Court grant judgment in their favor and against the Defendant, Shapiro & Burson, LLP, for an amount as proven at trial for their actual damages, statutory damages as described

herein, their reasonable attorney's fees and costs, along with such other relief as the Court

deems equitable and just under the circumstances.

## PLAINTIFFS DEMAND A TRIAL BY JURY

ERIC S. MOORE, SR. and
BRENDA MOORE

By:_____
Of Counsel


Joseph F. Verser, Esq. (Virginia State Bar No. 73494)
JONES, BLECHMAN, WOLTZ, & KELLY, P.C.
*COUNSEL FOR THE PLAINTIFFS*
701 Town Center Drive, Suite 800
P. O. Box 12888
Newport News, VA  23612-2888
Telephone:     (757) 873-8115
Telecopier:     (757) 873-8103
Email Address: jverser@jbwk.com