**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **ERIC S. MOORE, SR., et al.**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 4:11-cv-122 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendants. | * |

## S&B'S MOTION TO DISMISS COUNTS I, II, AND IV OF THE COMPLAINT

Defendant Shapiro & Burson, LLP ("S&B") hereby moves to dismiss Counts I, II, and and IV of the Complaint filed by Plaintiffs Eric S. Moore, Sr. and Brenda Moore ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] for failure to state a claim for which relief may be granted as a matter of law, for the reasons stated in the contemporaneously filed memorandum, and including:

1. Plaintiffs claim that BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC") was not entitled to foreclose because it is a loan servicer, and not the owner of the loan, is without merit, and fails to state a claim. Both the Commercial Code and Virginia Real Property recognize that the right of a holder to foreclose, as well as a loan servicer, and record beneficiary. BAC is all three.

2. Plaintiffs' challenge to the form of the Appointments of Substitute Trustee misconstrues Virginia law, fail to impugn such document as a matter of law, and fail to impeach the authority and validity of the foreclosure sale. Nor does it state claims against S&B.

---

[1] S&B has contemporaneously filed an Answer to Count III.

Further there is a pre-existing of the same trustee of record.

3. BAC is the holder, loan servicer, and record beneficiary of the loan, and therefore constitutes the creditor to whom the debt is owed.

4. Plaintiffs' claim that S&B misrepresented that the note was unavailable is immaterial, and Plaintiffs fail to articulate how they reasonably relied upon such alleged misrepresentation. If the note was actually available, Plaintiff would be afforded less protections.

5. Notice of the unavailability of a promissory note under Virginia Code §55-59.1(B), does not implicate the Fair Debt Collection Practices Act.

6. Plaintiffs claim that S&B failed to identify the amount owed is contradicted by the complaint and the exhibits.

WHEREFORE, having fully answered, S&B respectfully requests that the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

Respectfully Submitted,
**SHAPIRO & BURSON, LLP**
By Counsel

By:   /s/ Bizhan Beiramee_____
Bizhan Beiramee, Esq., (VSB # 50918)
Bizhan Beiramee, Esq., P.C.
6663 B Old Dominion Drive,
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax:    (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Joseph F. Verser, Esq.
>Jones, Blechman, Woltz & Kelly, P.C.
>701 Town Center Drive, Suite 800
>P.O. Box 12888
>Newport News, Virginia 23612-2888
>Counsel for the Plaintiffs

>By: /s/ Bizhan Beiramee_____
>Bizhan Beiramee