# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Tuesday *the* 12th *day of* April, 2011.

Pedro Rosales,

Appellant,

against Record No. 102289
Circuit Court No. CL00054255-00

Countrywide Home Loans,
n/k/a Bank of America Mortgage,

Appellee.

From the Circuit Court of Loudoun County

Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal.

The rule to show cause previously entered herein is discharged.

Senior Justice Lacy took no part in the consideration of this case.

A Copy,

Teste:

Patricia L. Harrington, Clerk

By:

Deputy Clerk

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

PEDRO ROSALES, )
)
*Plaintiff,* )
)
v. ) Case No. CL00054255-00
)
COUNTRYWIDE HOME LOANS, *et al.* )
)
*Defendants.* )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Based upon the extant record, the Court finds as follows:**

1. On February 25, 2005, Plaintiff executed an Adjustable Rate Note and a Balloon Note (collectively, the "Notes") in conjunction with his purchase of real property located at 175 Edinburgh Square, Unit #175, Sterling, Virginia, 20146 (the "Property").

2. On February 25, 2005, Plaintiff executed a Deed of Trust, which granted the holder of the Adjustable Rate Note a security interest in the Property.

3. Countrywide is in possession of the original Adjustable Rate Note, which is endorsed in blank.

4. Countrywide is the loan servicer for the Notes.

5. Plaintiff has not made payments under the Notes since June 2007.

6. As a result, Plaintiff is in default under the Notes and the Deed of Trust due to his lack of payment.

7. On or about April 12, 2008, Plaintiff sent a letter to Countrywide attempting to rescind the February 25, 2005, loan transaction under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

8. Plaintiff's April 12, 2008, letter did not have the effect of rescinding the loan transaction.

## CONCLUSIONS OF LAW

### I. Procedural Posture.

Plaintiff's Petition for Injunction to Stay Foreclosure Proceeding ("Petition") alleges that Defendants failed to provide him with "proper statutorily required notices" relating to the foreclosure for the Property, which was scheduled for March 2, 2009. Petition ¶¶ 9-16. This claim is moot because the foreclosure sale did not occur, and Plaintiff has admitted that he suffered no damages because there was no foreclosure sale. Plaintiff further alleges that Defendants "[v]iolat[ed] . . . federal and state laws at the time the loan was created, including but not limited to the failure to make proper disclosures to Plaintiff about the terms of his loan." Petition ¶ 17. These claims are now moot, too, as Plaintiff has withdrawn them. Plaintiff's claim that his purported rescission of the loan transaction precludes any foreclosure on the Property is also moot, as the parties have stipulated that the loan was not rescinded. Thus, Plaintiff's only remaining claim is his contention that Defendants do not have standing to enforce the Notes and the Deed of Trust, including foreclosing on the Property, even if they are in possession of the Notes. Petition ¶ 2.

Countrywide's Counterclaim seeks a declaration that it has the right to foreclose on the property and sell it in accordance with the Adjustable Rate Note,

Balloon Note, Deed of Trust, and applicable law, and it seeks an accounting to determine all amounts owed by Plaintiff under the Notes due to Plaintiff's default, including the costs and attorneys' fees incurred in this litigation.

Countrywide filed a motion for summary judgment seeking the dismissal with prejudice of Plaintiff's Petition and for an order granting the relief sought in its Counterclaim. Plaintiff filed an opposition to Countrywide's summary judgment motion, and also moved for summary judgment on the remaining claim in his Petition. There are no genuine issues of material fact in dispute in this matter and all parties agree that ruling by summary judgment is an appropriate disposition of the case. Accordingly, the Court shall dispense with this matter on summary judgment pursuant to Rule 3:20.

**II. Countrywide has the right to enforce the rights and remedies in the Adjustable Rate Note and Deed of Trust, including foreclosing on the Property.**

**A. Countrywide has the right to foreclose under the U.C.C. because it holds the Adjustable Rate Note endorsed in blank.**

Because of Plaintiff's admitted default, the party having the right to enforce the Adjustable Rate Note and Deed of Trust can require Plaintiff to pay immediately all sums due under the Notes, sell the Property at a foreclosure sale, and pursue any other remedy permitted by law. *See* Deed of Trust ¶ 22. Here, the issue is whether Countrywide may enforce these remedies against Plaintiff.

Undoubtedly, the Adjustable Rate Note is a negotiable instrument subject to Title 8.3A of the Code of Virginia. *See* Va. Code Ann. § 8.3A-104 (defining negotiable instruments). An instrument – such as the Adjustable Rate Note – may be negotiated by transfer of possession. *See* Va. Code Ann. § 8.3A-210(a). "When

endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed." Va. Code Ann. § 8.3A-205(b). Under Va. Code Ann. § 8.3A-301, a note may be enforced by the holder of the instrument or a non-holder in possession of the instrument who has the rights of a holder. Importantly, "[a] person may be a person entitled to enforce the instrument even though the person ***is not the owner of the instrument or is in wrongful possession of the instrument.*** " *Id.* (emphasis added).

Thus, a note endorsed in blank may be enforced by its possessor, regardless of whether the party is the owner of the instrument. *See Areebuddin v. Onewest Bank, F.S.B.*, No. 1:09-cv-1083, 2010 U.S. Dist. LEXIS 28469, *8 (E.D. Va. Mar. 24, 2010) (holding that a note may be negotiated by simple change in possession and enforced by current holder). Indeed, "the promise to pay a mortgage is a promise to pay a 'negotiable note [ ] secured by [the mortgage] to the respective payees thereof, or to the person or persons to whom [it] might . . . be negotiated . . . .'" *Id.* at *9-10 (quoting *Blanton v. Keneipp*, 155 Va. 668, 681, 156 S.E. 413 (1931)).

Here, Plaintiff concedes that Countrywide is in possession of the original Adjustable Rate Note endorsed in blank. Thus, under Virginia's Uniform Commercial Code governing negotiable instruments, Countrywide has the right to enforce the rights and remedies contained in the Adjustable Rate Note and the Deed of Trust that secures it, including the right to foreclose on the Property.

Plaintiff's argument that Virginia's Uniform Commercial Code does not apply here is without merit. Virginia law does not require the recordation of notes, and effectuating such a statutory change is not the function of the judiciary.

Furthermore, the Adjustable Rate Note plainly states: "I [the Borrower] understand that the Lender may transfer this Note." Adjustable Rate Note ¶ 1. The Deed of Trust states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times ***without prior notice to Borrower***." Deed of Trust ¶ 20 (emphasis added). As a result, Plaintiff acknowledged that the Adjustable Rate Note (together with the Deed of Trust) could be transferred without notice to him. Moreover, Plaintiff conceded at oral argument that there is no statute, case, or other authority requiring that such a transfer be recorded in the land records. Therefore, the fact that the original lender, WMC Mortgage Corporation, transferred the Adjustable Rate Note without recording the transfer simply does not relate to Countrywide's clear right under the U.C.C. to enforce the Adjustable Rate Note or the Deed of Trust.

Countrywide's right to enforce the Deed of Trust and foreclose on the Property is also supported by well-established case law. "It is conceded that in Virginia, as to common law securities, the law is that both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it." *Williams v. Gifford*, 139 Va. 779, 784, 124 S.E. 403, 404 (1924). "It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery." *Stimpson v. Bishop*, 82 Va. 190, 200 (1886). Accordingly, because Countrywide possesses the original Adjustable Rate Note in blank, it has the right to enforce the Deed of Trust and foreclose on the Property.

Plaintiff's reliance on *General Electric Credit Corp. v. Lunsford*, 209 Va. 743, 167 S.E.2d 414 (1969), is misplaced. In *Lunsford*, the Court held, in relevant part, that the holder of the note "is bound by the provisions of the instrument on which it relies, and can have no greater interest in the land than that conferred by the instrument creating the security." *Id.* at 748, 167 S.E.2d at 418. Thus, the fact that the holder holds the note in due course "does not extend [its] interest in the property beyond that granted by the deed of trust." *Id.* Here, there is no question that the Deed of Trust allows for the remedies sought by Countrywide. If anything, *Lunsford* supports Countrywide's right to foreclose on the Property.

**B. Countrywide has the authority under contract and agency law to foreclose on the Property.**

In addition to Countrywide's rights under the Uniform Commercial Code, it also has the authority under the Adjustable Rate Note and Deed of Trust to exercise the rights and remedies set forth therein. The Adjustable Rate Notes states: "The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the 'Note Holder.'" Adjustable Rate Note ¶ 1. As stipulated, Countrywide possesses the Adjustable Rate Note. Moreover, Countrywide, as loan servicer, has the right to collect (or receive) payments due under the Adjustable Rate Note and the Deed of Trust. *See,* Deed of Trust ¶ 20. Hence, Countrywide is the "Note Holder." "The Note Holder may enforce its rights under [the Adjustable Rate Note]" against Plaintiff, including the rights and remedies contained in the Deed of Trust. Adjustable Rate Note ¶ 9. Indeed, the rights and remedies in the Deed of Trust protect the Note Holder from possible losses that occur if Plaintiff fails to make payments under the Adjustable Rate Note. Adjustable Rate

Note ¶ 11. Therefore, Countrywide, as the Note Holder, has the right to foreclose on the Property. Even if Countrywide was not the Note Holder, it is still authorized, under the contract and agency law, to initiate foreclosure proceedings on the Property.

## CONCLUSION

For the foregoing reasons, Countrywide's Motion for Summary Judgment will be GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and Plaintiff's complaint should be DISMISSED WITH PREJUDICE. It is further ORDERED that an accounting be conducted to determine all amounts owed by Plaintiff under the Adjustable Rate Note and the Balloon Note, including attorney's fees and costs incurred in connection with this litigation.

Counsel for the defendants, counterclaimants may draw an Order consistent with this opinion to which counsel for the Plaintiff may note his exception.

The Clerk shall forthwith mail a copy of these Findings of Fact and Conclusions of Law to counsel.

ENTERED this 18th day of June, 2010.

Thomas D. Horne, Chief Judge