**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| ERIC S. MOORE, SR., *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:11cv122 |
| | ) | |
| SHAPIRO & BURSON, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO CONSOLIDATE**

COME NOW the Plaintiffs, by counsel, and as for their memorandum in support of their

Motion to Consolidate *Andrade, et al. v. Shapiro & Burson, LLP, et al.*, Civil No. 2:11-cv-523

(E.D. Va. 2011) (hereafter "*Andrade*") and *Waters-Levy v. Law Offices of Shapiro & Burson,*

*LLP*, Civil No. 1:11-cv-1192 (E.D. Va. 2011) (hereafter "Waters-Levy") with the present case,

they state as follows:

**BACKGROUND OF SHAPIRO & BURSON, LLP**

Shapiro & Burson, LLP (hereafter "Shapiro & Burson") has been the subject of multiple

lawsuits alleging that it systematically engages in fraud during its foreclosure proceedings, and

has been the subject of investigation by a state's attorney's office in at least one county. The

State's Attorney's Office for Prince George's County, Maryland began an investigation into the

foreclosure practices of Shapiro & Burson in March 2011 after a former employee of the firm

filed a complaint alleging a robo-signing operation in which he, other paralegals, and attorneys

were instructed to sign another person's name on thousands of foreclosure documents. *See* Jamie

Smith Hopkins, *More Foreclosure Irregularities Alleged in Maryland*, BALTIMORE SUN, Mar. 8,

2011, http://articles.baltimoresun.com/2011-03-08/business/bs-bz-foreclosure-complaints20110307_1_foreclosure-irregularities-foreclosure-processes-deeds. Shortly after the Complaint was filed in Prince George's County, Freddie Mac removed Shapiro & Burson from its list of designated counsel for Maryland and suspended it from taking any new Virginia foreclosure cases for Freddie Mac mortgage servicers.

Plaintiffs' counsel has filed several cases against Shapiro & Burson alleging violations of 15 U.S.C. § 1692, *et seq*. (the Fair Debt Collection Practices Act or "FDCPA") on behalf of numerous consumers who have faced the Defendant's unlawful foreclosure and debt collection practices. The first such case was this case (*Moore*) which brings several claims against Shapiro & Burson under the FDCPA for knowingly making false statements and representations in connection with the collection of a debt, failing to provide the proper notices required by the FDCPA, and for threatening to take nonjudicial action to effect a dispossession of the property when there was no present right to possession of the property.

After *Moore*, present Plaintiffs' counsel filed *Andrade* in the Norfolk Division of the Eastern District of Virginia. *Andrade* joined similar claims of ten consumers who also faced foreclosure proceedings by Shapiro & Burson and its affiliated company claiming to be the substitute trustee, Professional Foreclosure Corporation of Virginia. The claims and issues in *Andrade* are nearly identical to those in the *Moore* case, with the exception of the ancillary state law claims that *Andrade* has alleged. However, in the effort to simplify consolidation of the cases, the Plaintiffs in *Andrade* have consented to voluntarily dismiss the ancillary claims. This would leave only Plaintiffs' claims arising under the FDCPA, all of which fall under the same general facts and issues that are presented in the present case. Additionally, Plaintiffs' counsel recently filed another case, *Waters-Levy*, in the Alexandria Division of the Eastern District of

Virginia. *Waters-Levy*, also arising under the FDCPA, alleges virtually the same facts and issues that are presented in both *Andrade* and this present case.

This District now has three separate actions pending before it, brought on behalf of individuals who were targeted by the Defendant in foreclosure proceedings throughout the Commonwealth of Virginia. In attempting to collect these debts, Defendant systematically and intentionally violated the FDCPA.  These cases have substantial factual and legal overlap, and thus they should be consolidated with the first-filed *Moore* case into a single action.  This would promote the interests of judicial economy, the management of this Court's docket, and create efficiencies in progressing to a global determination of the issues involved.

## ARGUMENT

A.     **The *Andrade* and *Waters-Levy* cases should be consolidate with this case.**

Fed. R. Civ. P. 42(a)(2) provides that a court may order consolidation of cases where they involve a common question of law or fact. In addition to consolidation, it is within the court's discretion to join for a hearing or trial any or all the matters at issue or to issue any other order to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(1)&(3). The court has "broad discretion" with regard to cases pending in the same District and should make this determination while weighing the efficiencies created by consolidation against any inconvenience, delay, or expense that might result.  *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *Stein, Hall & Co. v. Scindia Steam Navigation Co.*, 264 F. Supp. 499, 501 (S.D.N.Y. 1967); *see generally,* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2383 at 439. Specifically, when considering a motion to consolidate, the Court should weigh the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and judicial resources posed by multiple lawsuits, the length of time required

to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial versus multiple-trial alternatives against the specific risks of prejudice and possible confusion which might result from consolidation. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

In this case, all of the equities weigh in favor of consolidation.  All three cases are brought on virtually identical fact patterns. All complaints allege that Defendant made similar, if not the same, misrepresentations in attempting to foreclose on the Plaintiffs' homes in violation of the FDCPA. Furthermore, in an attempt to collect the alleged mortgage debts, Defendant intentionally and systematically violated the FDCPA In fact, all sets of Plaintiffs claim many of the same violations against the Defendant, such as violations of §1692e, §1692e(2)(A), §1692e(5), §1692e(10), and §1692g(a)(2). Although the *Andrade* complaint includes ancillary state law claims, as stated previously, those will be voluntarily dismissed to simplify the consolidation of the cases.

Furthermore, consolidating the actions will lessen the burden on all parties, the witnesses and judicial resources. Because this action involves substantially the same subject matter and issues of law, many of the same witnesses would need to be produced in each of the three separate cases. It is a burden on witnesses to travel, procure time off of work, and attend depositions, trial, or any other event that would require their attendance.  However, it is a much heavier burden to be required to do that more than once when duplicity could easily be avoided at no extra burden to the parties themselves. In fact, the cost imposed upon both the witnesses and the parties is actually reduced if the cases are consolidated into this case, and doing so would not prejudice the Defendant. It is much more convenient for the Defendant to defend one case rather than three separate cases. Defendant maintains an office location in Virginia Beach, which

is less than one hour from the Newport News courthouse, and by consolidating *Andrade* and *Waters-Levy* with this case, it eases some of the burden associated with defending three separate cases all in different locations. Furthermore, the parties are already litigating this case within the Newport News Division, which the Defendant has never alleged to be an inconvenient venue. Indeed, it has litigated this matter for five months in this division without ever alleging that it was an inconvenient forum. Defendant also regularly engages in collection activities throughout the Newport News Division, and therefore much of the evidence related to this case is located in the Newport News Division.

Consolidating *Andrade* and *Waters-Levy* with this case also aids in preserving judicial resources and is therefore in the interests of justice. A significant factor in considering the interests of justice is "avoiding duplicative litigation in courts," and the Court "may appropriately consider the 'conservation of judicial resources and comprehensive disposition of litigation.'" *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). In fact, the Supreme Court has held that where there are substantially similar actions pending simultaneously in different federal courts, the general principle is to avoid duplicative litigation as between the courts. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court has repeatedly stressed this importance of judicial conservation. *See e.g., id.* ("These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Systemic integrity further requires judicial economy and the avoidance of inconsistent judgments. *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007). Because this case involves virtually the same facts and issues presented in the *Andrade* and *Waters-Levy* cases, it

becomes duplicative and presents the possibility of inconsistent adjudication to litigate these cases in three different federal jurisdictions.

Additionally, consolidating the three pending cases would be a substantial relief to both parties and the court system as a whole. The consolidation of *Andrade* and *Waters-Levy* with this case would greatly reduce docket congestion and the burden of jury duty in this district. Furthermore, it would save the court time, energy and money, as well as reduce both parties' expenses in litigation. These time and resource considerations are especially important in a District that prides itself on its efficient "Rocket Docket."

If these cases proceed on separate tracks, given the substantial factual and legal overlap, the significant time and costs on both sides involved in pre-trial disclosures, trial preparation, and motions practice that will occur shortly in this case would be replicated unnecessarily in both the *Andrade* and *Waters-Levy* cases, at the expense of this Court's docket and judicial resources. As a result, consolidating the three pending cases is more convenient to all involved, and doing so would prejudice neither party.

## CONCLUSION

For these reasons, and in furtherance of the interests of judicial economy and efficiency, Plaintiffs respectfully move that this Court consolidate *Andrade* and *Waters-Levy* with this case.

Respectfully submitted,
**PLAINTIFFS MOORE, et al.**


_____/s/_____
Leonard A. Bennett, VSB#37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, PC
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601

Tel:    757-930-3660
Fax:    757-930-3662
lenbennett@cox.net
srotkis@clalegal.com

Joseph Franklin Verser
Heath Law, P.L.C.
11832 Rock Landing Drive, Suite 201
Newport News, VA 23601
Tel:    757-243-1464
Fax:    757-599-0735
jverser@heathlawplc.com

*Counsel for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of February 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Bizhan Beiramee
Bizhan Beiramee, Equire, P.C.
6663 B Old Dominion Drive, 3rd Floor
McLean, Virginia 22101
Tel:    703-483-9600
Fax:    703-483-9599
bbeiramee@beiramee.com

*Counsel for Defendants*

_____/s/_____
Leonard A. Bennett, VSB#37523
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, PC
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:    757-930-3660
Fax:    757-930-3662
lenbennett@cox.net