**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **ERIC S. MOORE, et al.**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 4:11-cv-00122 |
| | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendant. | * |

### S&B'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I, II, and IV OF THE COMPLAINT

Defendant Shapiro & Burson, LLP ("S&B") hereby submits its reply in support of its motion to dismiss Counts I, II, and IV of the Complaint filed by Plaintiffs, Eric S. Moore and Brenda Moore, ("Plaintiffs"), and in support thereof, states as follows:

**I.    Plaintiffs have no actual damages attributable to the foreclosure.**

Plaintiffs admit that BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC") was their loan servicer, see Opp to Mt to Dismiss at 5 ("After financing, all of the 'servicing' of the note was handled by [BAC]"); Compl. at ¶8. However, they contend that because Fannie Mae was the actual creditor, which they do not plead in their Complaint yet they acknowledge in their Opposition, that it should have been identified as creditor. See Opp to Mt to Dismiss at 14. Accordingly, they bring the present action against S&B asserting that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., for identifying her loan servicer as creditor.

As an initial matter, under Virginia law, as indicated in S&B's initial memorandum, a loan servicer is entitled to have a property foreclosed upon the borrower's default. Thus, to the extent that Plaintiffs intimate that they suffered actual damages resulting from BAC's

invocation of the right to have the property foreclosed, such claims for actual damages must be dismissed. Nor have plaintiffs plead any plausible facts suggesting any actual damages.

### II. As the loan servicer, BAC was properly named the plaintiff's creditor pursuant to the FDCPA.

Plaintiffs claim, that because Fannie Mae owns the loan, BAC, their loan servicer, was improperly identified as their creditor on defendant's initial communication under the FDCPA. Plaintiffs' argument fails however, because a loan servicer fits the definition for a "creditor" under the FDCPA.

A "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Notably, the FDCPA does not define creditor to be the owner of the loan.

Moreover, by negative inference, an assignee of a debt not in default would be included in the definition of creditor, as the definition only excludes an assignee who obtains "a debt in [1] default [2] solely for purpose of facilitating collection of the debt for another." Id. Thus, in the case of a servicer who obtains its servicing rights prior to default, any collection is not solely for purposes of facilitating collection for another, but rather is in satisfaction of preexisting servicing rights.

Indeed, the FDCPA subjects "debt collectors" to liability and exempts "creditors" Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). Schlosser explained this distinction:

> Creditors, "who generally are restrained by the desire to protect
> their good will when collecting past due accounts," S. Rep. 95-

2

> 382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1693, 1696, are not covered by the Act. Instead, the Act is aimed at debt collectors, who may have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them." See id. In general, a creditor is broadly defined as one who "offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. § 1694a(4), whereas a debt collector is one who attempts to collect debts owed or due or asserted to be owed or due another. Id. at § 1692a(6).

Id. Thus, "[f]or purposes of applying the Act to a particular debt, these two categories—debt collectors and creditors—are mutually exclusive." See id.

As explained below, a loan servicer is typically a "creditor," and not a debt collector, because it obtains regular payments from the consumer. Under the Deed of Trust, BAC's role as servicer is to "collect Periodic Payments due under the Note and this Security Instrument." See Deed of Trust at ¶ 20. Further, federal law describes BAC's servicing responsibility to include "receiving any scheduled periodic payments from a borrower pursuant to the terms of any mortgage loan… and making the payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract." 12 USC § 3500.2(b); see also Larota-Florez v. Goldman Sachs Mortgage Co., 719 F.Supp 2d 636, 640-41 (E.D. Va. 2010), aff'd per curium at Appeal No. 10-1523 (4th Cir. July 28, 2011) ("As servicer, Litton has the right to collect payments on behalf of the holder and the right to foreclose upon default.") (emphasis added); CWCapital Asset Management, LLC v. Chicago Properties, LLC, 610 F.3d 497, 500 (7th Cir. 2010) (explaining the necessary role of servicers: "[e]very mortgage needs someone to collect the borrower's monthly payments of principal and interest; make sure the property is properly insured; attend

to any default, either by suing the borrower and if necessary foreclosing the mortgage or by modifying the mortgage to make its terms less onerous to the borrower; and discharge the mortgage when it is paid off[.]").

Indeed, the FDCPA defines a "creditor" as one "to whom a debt is owed," 15 U.S.C. § 1692a(4), not the owner of the debt. Thus, listing a servicer as the creditor rather than the owner is not only consistent with the FDCPA's definition of a "creditor," but it also prevents confusion on behalf of a consumer who makes mortgage payments directly to the servicer.

Accordingly, it is the borrower's responsibility under the loan documents to make her mortgage payments to the servicer, and it is the servicer's separate responsibility under federal law (and its servicing agreement) to account for the received loan payments to the debt's owner. Under the Deed of Trust as written, a borrower's payment directly to the servicer satisfies her contractual obligations under the mortgage, irrespective of what the servicer does with the money received. In fact, a borrower cannot bypass the servicer—i.e., the party to which she owes the debt—and directly pay the debt's owner without breaching her loan contract.

By statute (or negative implication as discussed above) the term "creditor" includes assignees for collection who obtained their rights prior to a default. See 15 U.S.C. §1692(a)(4). Because both the loan documents and federal law recognize that the consumer directly owes the debt to the servicer, the servicer's status as "debt collector" versus "creditor" is determined by the loan's default status at the time it acquires its servicing rights. See 15 USC § 1692a(4).

Here, Plaintiffs do not allege does not allege that their loan was in default when BAC obtained its servicing rights, and therefore BAC is a "creditor" within the meaning of the FDCPA. See Martin v. Select Portfolio Servicing, 2008 U.S. Dist. LEXIS 16088, at *9 (S.D.

Ohio Mar. 3, 2008) ("[a]n entity which does not own the loan but merely "services" the loan is treated as a "creditor" and generally is not subject to the FDCPA." (citations omitted)); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir. 1996) (where debt was assigned for servicing before default of the loan, assignee is exempt from the Act because the assignee becomes a creditor and is collecting its own debt); Bilal v. Chase Manhattan Mort. Corp., 2006 U.S. Dist. LEXIS 39040, at *9-11 (N.D. Ill. June 13, 2006) (granting mortgage servicer's motion to dismiss because the servicer was a creditor, not a debt collector, under the FDCPA); Glazer v. Chase Home Fin., LLC, 2009 U.S. Dist. LEXIS 126369, at *20-21 (N.D. Ohio Jan. 21, 2010) ("Therefore, Chase, as the servicer prior to default, should be treated as a 'creditor" and not subject to the FDCPA."); Gomez v. GMAC Mortg., LLC, 2010 U.S. Dist. Lexis 140626, at *10 (E.D. Mich. Dec. 15, 2010) ("From the mortgage documents provided by GMAC, it is apparent that Amera was the mortgage originator, GMAC was the mortgage servicer, and MERS was the mortgagee, which means that these Defendants are creditors, not debt collectors.").

Moreover, in the context of a FDCPA claim in a lease dispute, the Seventh Circuit recognized that "[a]t least four courts of appeals, including ours, have concluded that a servicing agent for a mortgage loan 'obtains' the debt even though the bank owns the note." Carter v. AMC, LLC, 645 F.3d 840, 843 (7th Cir. 2011); Bailey v. Security National Servicing Corp., 154 F.3d 384, 387-88 (7th Cir. 1998); Alibrandi v. Financail Outsourcing Services, Inc. 333 F.3d 82, 84-85 (2d Cir. 2003); Wadlington v. Credit Acceptance Corp.,76 F.3d 103, 107 (6th Cir. 1996); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). "[A]lthough one usually 'obtains' a debt by purchasing it, that is not the only way to do so. A

servicing agent 'obtains' a debt in the sense that it acquires the authority to collect the money on behalf of another." Carter, 645 F.3d at 844.

And, consistent with the servicer's status as creditor, courts have recognized its status as a real party in interest to sue in its own name. In CWCapital Asset Management, LLC v. Chicago Properties, LLC, the Court explained that "[t]he servicer is much like an assignee for collection, who must render to the assignor the money collected by the assignee's suit on his behalf (minus the assignee's fee) but can sue in his own name without violating Rule 17(a)." See CWCapital Asset Management, LLC v. Chicago Properties, LLC, 610 F.3d 497, 500-01 (7th Cir. 2010) (upholding servicer's right to sue to collect debt in its own name as real party in interest since servicer "has a personal stake in the outcome of the lawsuit because it receives a percentage of the proceeds of a defaulted loan that it services."). Like the servicer in Chicago Properties, LLC, in Sprint Communications Co. v. APCC Services, Inc., 554 U.S. 269, 271 128 S. Ct. 2531 (2008), the Supreme Court has upheld an assignee's standing to sue in their own name even where the assignee has an agreement to remit payments to another. See id.

Thus, BAC – the servicer who acquired its rights when the debt was not in default, was not only tasked by both the loan documents and federal law to collect loan payments from the Plaintiffs, but also "obtained" the debt from the debt's owner and had the right to bring suit to collect the debt in its own name. Because BAC is the entity to whom Plaintiffs are obligated to pay their mortgage debt, BAC fits the FDCPA's definition of a creditor and defendant's naming of BAC as such was proper.

Moreover, Plaintiffs' reliance on the Goodrow case in inapt. In particular, in Goodrow the defendant did not address whether the Fannie Mae was the creditor, rather it concerned

alleged misrepresentations that Fannie Mae was an affiliate of the of the loan servicer. See Goodrow v. Friedman & MacFadyen, P.A., 788 F. Supp. 2d 464, 467 (E.D. Va. 2011) ("In Count I, Goodrow alleges the January 11 Notice violated 15 U.S.C. § 1692c(a)(2). That provision prohibits a debt collector from communicating with a consumer in connection with the collection of a debt, "if the debt collector knows the consumer is represented by an attorney with respect to such debt[.]" In Count II, Goodrow alleges that several statements in the January 11 Notice, along with the February 3 Deed's description of Fannie Mae and First Horizon as 'affiliates,' violated 15 U.S.C. § 1692e. . . . In Count III, Goodrow alleges that the defendants conducted the foreclosure sale even though First Horizon lacked the authority to appoint them as substitute trustees, in violation of 15 U.S.C. § 1692f(6)(A)."). There is absolutely no discussion as to whether Fannie Mae should have been identified as the creditor.[1] Thus, Plaintiffs' reliance on that case is misplaced.

### III. The Fourth Circuit has recently recognized that some statements may be immaterial.

Finally, as indicated in S&B's initial memorandum, Plaintiffs' claim that S&B misrepresented that the note was unavailable, even if true (for purposes of argument), would be immaterial. Indeed, in Warren v. Sessoms & Rogers, P.A., the Fourth Circuit recently acknowledged that materiality standard applied to allegations of false statements under the FDCPA by alleged debt collectors:

---

[1] To the extent that Plaintiffs rely on Naim v. Samuel I White, P.C., 3:11-cv-168, the Court did not issue a memorandum in that case. Moreover, if Fannie Mae was named as creditor, in this economic climate, undoubtedly a borrower would then argue the converse, i.e., that the servicer should have been identified, or even that a defendant violated §1692e(1) by suggesting that that "the debt collector is vouched for, bonded by, or affiliated with the United States. . . ."

> Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material misrepresentations. For example, analyzing an alleged violation of § 1692e(2), which prohibits a "false representation of the character, amount, or legal status of any debt," the Seventh Circuit reasoned that the [*19] Act "is designed to provide information that helps consumers to choose intelligently," and thus held that because "[a] statement cannot mislead unless it is material, . . . a false but non-material statement is not actionable." Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009); see also Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009).

Warren v. Sessoms & Rogers, P.A., 2012 U.S. App. Lexis 552, 18-19 (4th Cir. 2012). Although the Warren court determined that the materiality standard did not apply to a failure to disclose required information, in this case, to the extent that plaintiff claims that S&B falsely represented that the note was unavailable, to be actionable, the representation must be material.

Here, as explained in S&B's initial memorandum, any statement concerning the unavailability of the promissory note could not mislead the borrower in any material way. Indeed, such notice afforded the borrower additional rights including the right to petition the court for adequate protection if they truly believed that they were being foreclosed by the wrong entity. See Va. Code §55-59.1(B).[2] Accordingly, Plaintiffs' attack upon such statement is not actionable under the FDCPA.

WHEREFORE, for these reasons, and reasons stated in its motion to dismiss and supporting memorandum, S&B respectfully requests that I, II, and IV of the Complaint be

---

[2] Moreover, Virginia Code §55-59.1(B) provides for notice to the borrower "[i]f a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced." Thus, even if a note is available as to plaintiff claims, the notice is allowed for "for any reason [it] cannot be produced."

dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

        Respectfully Submitted,
**SHAPIRO & BURSON, LLP**
By Counsel

By:    /s/ Bizhan Beiramee_____
Bizhan Beiramee, Esq., (VSB #50918)
Matthew D. Cohen, Esq. (VSB #72097)
Beiramee & Cohen, P.C.
6663 B Old Dominion Drive,
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax:   (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES P.C
>763 J Clyde Morris Boulevard
>Suite 1A
>Newport News, VA 23601
>Phone: (757) 930-3660; Fax: (757) 930-3662
>lenbennett@clalegal.com
>srotkis@clalegal.com
>Counsel for the Plaintiffs
>
>Joseph Franklin Verser, Esq.
>Heath Law P.L.C.
>11832 Rock Landing Dr.
>Suite 201
>Newport News, VA 23601
>Phone (757) 243-1464; Fax: (757) 599-0735
>jverser@heathlawplc.com
>Counsel for Plaintiffs

        By: /s/ Bizhan Beiramee_____
           Bizhan Beiramee

4835-3193-9854, v. 1